JOSEPH W. REYNOLDS v. EMIL MUNCH and Another.[1]

January 29, 1904.

Nos. 13,724—(197).

**Fraudulent Representations.**

On the question of fraudulent representations as to title on an exchange of real estate, *held*, the trial court properly directed a verdict in favor of respondents.

Action in the district court for Ramsey county to recover from defendants, as executors of the will of Adolph Munch, deceased, the sum of $800 and interest as damages for alleged fraudulent representations of his title made by deceased upon an exchange of real estate between deceased and plaintiff. The case was tried before Brill, J., who directed a verdict for defendants, upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Shabael F. White,* for appellant.

*John F. Fitzpatrick* and *Charles Bechhoefer,* for respondents.

LEWIS, J.

At the tax sale held in Pine county on May 8, 1899, among other lands, appellant purchased the one hundred sixty acres concerned in this action. As a compromise and in settlement of their conflicting interests, appellant and Adolph Munch entered into a contract by which appellant assigned his tax certificate to one eighty-acre tract, and Munch, by quitclaim, deeded to appellant the other eighty acres. It afterwards having been ascertained by appellant that Munch was not the owner of the eighty acres deeded by him, and that he had no interest therein, after his death this action was brought for the purpose of recovering damages against his executors upon the ground that appellant was induced to part with his land by reason of the fraudulent representations of the deceased as to his ownership of the property deeded to appellant.

At the trial it appeared that the tax certificate had been taken in the name of the Duluth Banking Company, instead of appellant, and that

[1] Reported in 98 N. W. 187.

the act under which the tax sale had been made was unconstitutional (Duluth Banking Co. v. Koon, 81 Minn. 486, 84 N. W. 335); and at the close of appellant's evidence the court directed a verdict in favor of respondents, and this is the ruling now under review.

Several questions of an interesting nature are presented, but, from the view we take of the evidence, in no event can appellant succeed, and it is unnecessary to consider the other propositions. Conceding appellant had the right to maintain this action, notwithstanding the tax law was declared unconstitutional, and that he was the real party in interest and had the right to maintain this action, yet the order of the court was right, for the reason that there was no evidence to show that deceased made any fraudulent representations as to his ownership of the land deeded to appellant. All the record discloses is that, after the sale had taken place, Adolph Munch was introduced to appellant by the auditor of Pine county, who stated that Munch claimed appellant had bid in some of his land at the tax sale, and that Munch was a man who knew every forty acres of land he owned in the county, saying, "You can depend upon it that Mr. Munch owns this land." It does not appear that Mr. Munch authorized the auditor to make any statement in reference to the titles, or that any definite declaration was made as to the character of his ownership, although it is true appellant stated that, if Munch actually owned the land, he would be glad to make some adjustment of the title. The correspondence which was conducted nearly a year later, and culminated in an arrangement to convey eighty acres to each other, does not disclose what the nature of Mr. Munch's title was, and there is an absolute absence of any representations of a fraudulent character as to the title. On this issue alone, without reference to the other points of the case, the court was justified in directing a verdict.

Order affirmed.